UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORETHA FEAST                                CIVIL ACTION

VERSUS                                       NO. 07-5992

ALLSTATE INSURANCE COMPANY                   SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction
in this removed action.  Having considered the record, the memorandum and the law,
the Court has determined that it lacks jurisdiction for the following reasons.

The plaintiffs filed suit in state court for damages caused by Hurricane Katrina
and allegedly due under their insurance policy with the Allstate Insurance Company.
The defendant removed based on  diversity.

The parties may neither consent to nor waive federal subject matter jurisdiction.
Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the
removing party are insufficient to invest a federal court of jurisdiction.  Asociacion
Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v.
Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685
(1994).  Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must

prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.

This showing may be made by either: (1) demonstrating that it is facially apparent that

the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

This Court has ruled that in cases such as this flood insurance recovery must be

offset against any homeowners recovery because insurance policies are contracts of

indemnity.  Glaser v. State Farm Fire & Casualty Co., 2007 WL 1228794 (E.D.La.).   The

plaintiff received $52,000 under her flood policy.  Of the $65,100 in coverage under the

defendant's policy, there is $56,938.41 allegedly remaining owed.   Not only is that

greater figure less than the jurisdictional minimum, but the difference when the flood

recovery is offset is far less than the jurisdictional minimum.

No allegations have been made that the pre-Katrina value of the properties was

in excess of either policy limits or that the policy provides for reconstruction cost in

excess of the policy limit.  Assuming the policy limits represent an accurate value of the

insured properties and that the property was a total loss, the defendant has failed to

show the existence of the minimum amount in controversy required for diversity

jurisdiction at the time of removal.[1]   It is the value of the plaintiffs' claim, not the value

of the underlying policy, that determines whether the jurisdictional minimum is

satisfied.

The Court finds that the allegations of the petition do not support a finding that

it is facially apparent that the claims are likely above the jurisdictional minimum.

Because the remaining coverage is necessarily affected by any insurance payments

made, the defendant has not made a showing "sufficiently particularized" to meet its

burden.   The Court finds that the defendant has failed to meet its burden of proof

---

[1]     The Court recognizes the apparent inequity in paying separate premiums for flood coverage and wind coverage and yet receiving what amounts to shared recovery under circumstances such as those presented in this case.  That is an anomaly created by the fact that homeowners' policies do not usually cover flood loss and, to be sure of the coverage for all contingencies, both policies are needed.   Katrina was unusual in the breadth of damage caused.

under these circumstances.

The Court is mindful that removal jurisdiction is strictly construed.  See:
Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d
478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E.
Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction
is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal
Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil
District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under
28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 14th  day of November, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE